IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SHELIA SMITH, | ) | |
| | ) | Case No. |
| plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | Magistrate Judge |
| ERIC K. SHINSEKI, Secretary, | ) | |
| U.S. Department of Veterans Affairs, | ) | JURY DEMANDED |
| | ) | |
| defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, SHELIA SMITH, by her attorney, TIMOTHY A. BRIDGE, and as and for her complaint against Eric K. Shinseki, Secretary, U.S. Department of Veterans Affairs, states as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1.      This is an action for equitable relief and damages for discrimination and retaliation in federal employment in violation of the Rehabilitation Act of 1973, 29 U.S.C. 791 et. seq.

2.      This court has jurisdiction over the claims for relief alleged in this complaint pursuant to 28 U.S.C. §§1331, 1343 and 42 U.S.C. 2000e-5(f)(3).

3.      Venue is proper in this court since all of the acts of discrimination alleged in the complaint occurred within this judicial district.  42 U.S.C. 2000e-5(f)(3).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      All conditions precedent to suit have been complied with in that a timely complaint of discrimination on the basis of disability and reprisal was filed with the Agency's Office of Resolution Management on June 25, 2007.

5.      On June 8, 2009 the Office of Employment Discrimination Complaint

Adjudication issued a final agency decision.  On June 8, 2009 plaintiff filed Notice of Appeal to

the Equal Employment Opportunity Commission, Office of Federal Operations (OFO).  On May

6, 2011 the OFO issued an order dismissing the appeal.  This complaint is filed within (90) days

of receipt of the dismissal order, a copy of which is attached hereto as Exh. A.

### FACTS COMMON TO ALL COUNTS

6.      Shelia Smith (Smith) began working at Edward Hines Jr. VA Medical Center as a

laundry worker (WG-7304-01) in the Environmental Management Service in 1993.

7.      After enrolling in the Upward Mobility Program, Nursing Service, Smith

completed the basic nurse assistant training program at Triton Community College and was

subsequently assigned to work as a Nursing Assistant (GS-5) in the Long Term Care Spinal Cord

and Rehabilitation Service effective December 28, 2003.

8.      Smith sustained a work related injury during May, 2004 and was thereafter

assigned to perform clerical duties in the Escort Service under the supervision of Jessie Rosebur.

9.      In late 2006, Smith was detailed to the Sleep Lab Clinic under the supervision of

Sandy Reyertson, Sleep Lab Manager. Plaintiff's duties in the Sleep Lab Clinic included

assembling of CPAP machines, distributing them throughout the hospital, fitting CPAP masks,

instructing patients as to their use and replacing such equipment as required.

10.      Smith was diagnosed with breast cancer on or about January 17, 2007 and placed

on work restrictions.  Following breast surgery on January 29, 2007, plaintiff was placed on

medical leave during the period January 29, 2007 through February 16, 2007.

11.      On February 16, 2007, Smith's treating physician, Dr. Sharfi Saker, recommended

light duty restrictions upon her return to work.  Smith was also scheduled for chemotherapy

treatment during the period February through August, 2007 at Loyola Hospital which is located directly adjacent to the Hines VAMC facility.

12.      On February 23, 2007, Dr. J. Kash recommended Plaintiff's light duty restrictions be continued and, further, that she not be assigned to work on wards with ill patients or in areas which would increase her risk to nonsocomial infections.

13.      Given her medical restrictions, and the necessity of coordinating her work schedule with her ongoing chemotherapy treatments at Loyola Hospital, on February 28, 2007 Smith requested that she be allowed to continue her assignment in the Sleep Lab Clinic until completion of her rehabilitation.

14.      Sandy Reyertson, Sleep Lab Manager, advised Patricia Moss, Associate Chief Nurse, Long Term Spinal Cord Care and Rehabilitation Service, that Smith had become a "vital member" of the Sleep Lab Clinic, believed her removal from the clinic would negatively impact its performance and actively sought to retain her in the Lab.

15.      Upon being advised of Smith's request to continue her assignment in the Sleep Lab Clinic during her rehabilitation and chemotherapy regimen, Patricia Moss advised Jesse Rosebur she "intended to use her connections in Human Resources and the Director's office to assure that [plaintiff] will not get the job" in the Sleep Lab Clinic. Moss further advised Rosebur "if she can work for somebody else, she can work for me."

16.      Notwithstanding her medical restrictions, Assistant Chief Moss ordered Smith to return to her duties in Long Term Spinal Cord Care and Rehabilitation Service effective January 22, 2007.  Unable to do so, Smith was placed on annual leave during the period January 22 through February 26, 2007.

17.     On February 26, 2007 Smith was detailed to work in the Primary Care Unit under the supervision of Sandy Grieder, Nurse Manager.

18.     On or about February 26, 2007, Sandy Grieder issued Smith an AWOL notice because she was compelled to report to Loyola Hospital for approximately two hours in order to seek emergency medical treatment due to a bleeding breast injection port.

19.     On or about February 28, 2007, Sandy Grieder issued Smith a second AWOL notice because she was late to work because the medication she was given by the emergency room physician made her sick and drowsy.

20.     Notwithstanding her continuing schedule of chemotherapy treatments at Loyola Hospital, on February 28, 2007 Smith was then detailed by Assistant Chief Moss to the Oak Lawn Primary Care Clinic which is located 20 miles from Smith's residence and 22 miles from Loyola Hospital.

21.     Upon being advised the Oak Lawn Primary Care Clinic assignment would make it virtually impossible to continue her chemotherapy treatments at Loyola Hospital, Patricia Moss advised Smith there was no further work opportunities available at Hines VAMC.

22.     Although the supervisors and managers at the Sleep Lab Clinic continued to seek Smith's reassignment to her prior position and duties in the Lab, Patricia Moss refused to allow this accommodation for pretextual reasons and without lawful excuse or explanation.

23.     As a result of the foregoing, Smith received no further work opportunities during the period March through May, 2007 and was compelled to use 255.25 hours of her annual leave and 163.50 hours of her sick leave.

**COUNT I**
**Discrimination in Federal Employment in Violation of the Rehabilitation Act**

24.    Plaintiff repeats and realleges paragraphs 1 through 23 as if fully set forth in this Count I.

25.    The Rehabilitation Act of 1973 requires federal agencies, including the Veterans Administration, to be the "model employer" of individuals with disabilities and develop affirmative action plans for the hiring, placement and advancement of persons with disabilities. 29 U.S.C. 791(b); 29 C.F.R. 1614.203.

26.    The Rehabilitation Act, at 29 U.S.C. 791(g), was amended to provide the standards used to determine whether this section has been violated in a complaint alleging non-affirmative action employment discrimination under this section shall be the standards employed under Title I of the Americans with Disabilities Act of 1990 and the provisions of Sections 501, 504 and 516 of the Americans with Disabilities Act, as such sections relate to employment.

27.    At all times relevant, Smith suffered from physical disabilities associated with her breast cancer, surgical procedures and rehabilitation which substantially limited one or more of her major life activities, had a record of such physical impairments and was regarded by defendant as having such physical/mental impairments. 42 U.S.C. 12102(2).

28.    At all times relevant herein, Smith was a qualified individual with a disability within the meaning of the ADA and Rehabilitation Act.  29 U.S.C. 791(g).

29.    Smith repeatedly submitted requests for reasonable accommodation in the form of reassignment to supervisors and responsible-management-officials of defendant as more specifically set forth in herein.

30.    Smith's requests for accommodation were reasonable under the circumstances and did not present an "undue hardship" upon the Agency or its operations.  42 U.S.C. 12111(10).

31.     Notwithstanding Smith's repeated accommodation requests and medical reports in support thereof, the Agency failed and refused to grant such requests or otherwise process such requests under the Agency's "Reasonable Accommodation Committee" policies and procedures without lawful explanation or excuse.

32.     The denial of Smith's requests for reasonable accommodation was vexatious, unreasonable and in direct violation of the ADA and Rehabilitation Act, as amended.  42 U.S.C. 12111(9)(B).

33.     As a direct and proximate result of Smith's physical disabilities and request for accommodation, she was subject to a hostile work environment by virtue of the continuing threats and recriminating statements published by Associate Chief Nurse, Patricia Moss; the continuing refusal to detail her to an available position in the Sleep Lab; the harassing and adverse conduct directed toward her by Sandy Grieder as aforementioned;  and the refusal to allow her any viable employment opportunities during her period of rehabilitation and treatment without lawful excuse or explanation.

34.     As a proximate result of the acts and omissions on the part of defendant, Smith has been caused to suffer, and will continue to suffer, loss of employment, income, damage to her career and business reputation, depression, anxiety, physical, psychological and emotional injury, compensatory damages and other substantial and irreparable injury as will be shown according to proofs.

## COUNT II
### Retaliation in violation of the Rehabilitation Act

35.     Plaintiff repeats and realleges paragraphs 1 through 23 as if fully set forth in this

Count II.

36.     Notwithstanding Smith's physical disabilities as aforesaid, and in retaliation for

making known her request for reasonable accommodation, supervisory agents and representatives

of defendant:

A.      Repeatedly denied Smith's request for reasonable accommodation by ignoring the recommendations/work restrictions of her treating physicians and by assigning her to patient care wards and work locations regardless of the risk of nosocomial infection during her treatment for breast cancer;

B.      Repeatedly denied Smith's request for reasonable accommodation by interfering with her course of treatment for breast cancer by detailing her to a clinic 22 miles away from her primary site of testing and treatment at Loyola Hospital;

C.      Repeatedly denied Smith's request for reasonable accommodation by refusing to detail or reassign Complainant to available positions outside the Long Term Care Spinal Cord and Rehabilitation service for which she was qualified;

D.      Repeatedly retaliated against Smith for seeking reasonable accommodation/ participation in EEO activity by subjecting her to AWOL charges on February 26-28, 2007 without basis in fact;

E.      Retaliated against Smith for seeking reasonable accommodation/ participation in EEO activity by refusing to assign plaintiff to available light duty work assignments and forcing her to utilize sick/annual leave during the period January - May, 2007;

F.      Retaliated against Smith for seeking reasonable accommodation/ participation in EEO activity by advising plaintiff's supervisor that her medical restrictions and reports were "bogus"; that she would never be reassigned out of the Spinal Cord Unit and purposely attempting to dissuade other service chiefs from continuing Smith's employment opportunities during her period of rehabilitation from cancer; and

G.      Subjected Smith to ridicule, insults, AWOLS, and purposeful interference with her continued federal employment for discriminatory and retaliatory reasons causing plaintiff to suffer physical injury (respiratory infection, physical tremors,

palpitations and respiratory abnormality), emotional distress, psychological injury, mental distress, anxiety, sleeplessness, loss of enjoyment of life and other compensatory damages as will be shown according to proofs.

37.     The acts and omissions of the Agency by its agents and supervisory employees, were intentional and undertaken in reckless disregard for Smith's rights under the Rehabilitation Act and ADA.

38.     As a proximate result of the acts and omissions on the part of defendant, Smith has been caused to suffer, and will continue to suffer, loss of employment, income, damage to her career and business reputation, depression, anxiety, physical, psychological and emotional injury, compensatory damages and other substantial and irreparable injury as will be shown according to proofs.

WHEREFORE, plaintiff prays for relief and damages including the following:

a)      Trial by jury on the allegations raised in this complaint and those filed with ORM and advancement on the Court's docket for speedy hearing;

b)      That a declaratory judgment be issued that plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the Acts cited;

c)      That this Court permanently enjoin defendant, its agents, successors, officers, employees, and those acting in concert with them, from engaging in each of the unlawful practices, polices, customs and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

d)      That plaintiff have and recover from defendant back pay and lost benefits with pre and post judgment interest, front pay and compensatory damages for emotional pain, suffering, physical injury, inconvenience, mental anguish and other non-wage losses under the ADA and any other damages to which plaintiff may be entitled under other applicable laws, rules or regulations;

e)      That plaintiff be awarded the costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee Award Act of 1975, 42 U.S.C. §1988 and any other attorney fee statutes; and

f)        Such other and further relief as this Court deems just or appropriate under the circumstances.

Respectfully submitted,
**SHELIA SMITH,**


BY:    /s/_____
          TIMOTHY A. BRIDGE
          Plaintiff's Attorney


Timothy A. Bridge
*Attorney at Law*
3N206 Loblolly Lane
St. Charles, IL 60175
(630) 762-1135
(630) 762-1282 (FAX)

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Shelia Smith,
Complainant,

v.

Eric K. Shinseki,
Secretary,
Department of Veterans Affairs,
Agency.

Appeal No. 0120093315

Agency No. 200J-0578-2007-101636
Hearing No. 440-2008-00019X

DISMISSAL OF APPEAL

By Notice of Appeal postmarked August 4, 2009, Complainant, through counsel, filed an appeal with this Commission from the June 8, 2009, Agency Final Order concerning her EEO complaint of unlawful employment discrimination in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq.

A copy of the certified mail return receipt card reveals that the FAD was received at the address of Complainant's attorney of record on June 12, 2009. A review of the FAD reveals that the Agency properly advised Complainant that she had thirty (30) calendar days after receipt of its final decision to file her appeal with the Commission. Therefore, in order to be considered timely, Complainant had to file her appeal no later than July 13, 2009.[1] See 29 C.F.R. § 1614.402(b). Complainant has not offered a justification for an extension of the applicable time limit for filing her appeal. See 29 C.F.R. § 1614.604(c).

CONCLUSION

Accordingly, Complainant's August 4, 2009, appeal is hereby dismissed. See 29 C.F.R. § 1614.403(c).

---

[1] The 30th day was Sunday, July 12, 2009; therefore, Complainant had until Monday, July 13, 2009 to file her appeal in a timely manner. See 29 C.F.R. § 1614.604(d).

2                                                              0120093315

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0610)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar** days of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will** terminate the administrative processing of your complaint.

3                                                    0120093315

## RIGHT TO REQUEST COUNSEL (Z0610)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney with the Court does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

---
Carlton M. Hadden, Director
Office of Federal Operations

MAY 0 6 2011

---
Date