UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHELIA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 5287 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| ERIC K. SHINSEKI, Secretary, U.S. Department of Veterans Affairs, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shelia Smith brought this suit against her employer, the United States Department of Veterans Affairs ("VA"), alleging discrimination and retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. The VA has moved for summary judgment, arguing that Smith did not properly exhaust her administrative remedies. Because there is a genuine dispute as to whether Smith's counsel received a copy of the VA's final agency decision denying her administrative charge—a dispute that prevents the court from holding as a matter of law that Smith failed to timely seek review of that decision by the Equal Employment Opportunity Commission ("EEOC")—the motion is denied.

"Exhaustion is … a condition precedent to bringing a claim under the [Rehabilitation] Act." *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). A federal employee generally cannot bring in federal court a claim under the Rehabilitation Act until she exhausts all administrative remedies available under the Act. *See* 29 U.S.C. § 794a (adopting the procedures set forth in Title VII, including the requirement that administrative remedies be exhausted, 42 U.S.C. § 2000e-5); *Teal*, 559 F.3d at 691 ("Individuals who have suffered discrimination can seek relief

-1-

[under the Rehabilitation Act] pursuant to the procedures and requirements outlined in Title VII of the Civil Rights Act, which include exhausting administrative remedies prior to bringing suit."). Subject to the doctrines of waiver, estoppel, and equitable tolling, an employee's failure to properly exhaust her administrative remedies warrants the dismissal of her federal suit. *See id*. at 693; *Smith v. Potter*, 445 F.3d 1000, 1006 n.14 (7th Cir. 2006); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001); *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000).

The pertinent exhaustion procedures for federal employees alleging violations of the Rehabilitation Act are as follows. The employee first must seek counseling with the federal agency's Equal Employment Opportunity ("EEO") office within forty-five days of the allegedly unlawful act. *See* 29 C.F.R. § 1614.105(a)(1); *Smith*, 445 F.3d at 1002 n.1, 1006-07. If the matter is not resolved, the employee must timely file a formal complaint of discrimination with the agency. *See* 29 C.F.R. §§ 1614.105(d) & (e), 1614.106(a) & (b). If the employee requests a hearing, the EEOC appoints an administrative judge to hear the matter. *See id*. § 1614.109(a). After the administrative judge holds a hearing and renders a decision, the agency must issue a final agency decision within forty days. *Id*. § 1614.110(a). If the employee is dissatisfied with the final agency decision, she has two options: (1) appeal the decision to the EEOC within thirty days of receiving the decision, *id*. §§ 1614.401(a), 1614.402(a); or (2) bring suit in federal district court within ninety days of receiving the decision, *id*. § 1614.407(a). If an employee is represented by counsel, then the thirty-day window for filing an appeal with the EEOC commences when counsel receives the agency's final decision. *Id*. § 1614.402(b).

Smith, who has been employed by the VA since 1993, sought EEO counseling in February 2007 and then filed a formal discrimination complaint with the VA. Doc. 32 at ¶¶ 2, 3. On May 27, 2009, an administrative judge granted the VA's motion for summary judgment. *Id*.

at ¶ 4. Copies of the decision were sent to Smith and to her attorney, Timothy Bridge. Doc. 33-1 at 11. The decision gave this notice to the VA: "[w]ithin forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision." *Id*. at 8. The decision gave this notice to Smith: "If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order." *Id*. at 9.

On June 8, 2009, the VA issued its final agency decision, which adopted the administrative judge's decision. Doc. 32 at ¶ 5. The decision states that "[w]ithin 30 days of receipt of this final action, the complainant has the right to appeal it to: Equal Employment Opportunity Commission, Office of Federal Operations," and that "[t]he complainant also has the right to file a civil action in an appropriate United States District Court … within 90 days of receipt of this final action <u>if no appeal to EEOC has been filed</u>; or within 90 days after receipt of the EEOC's final decision on appeal; or after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission." Doc. 28-1 at 14-15; Doc. 32 at ¶ 6. Copies of the VA's final decision were sent via certified mail to both Smith and Bridge. Doc. 28-1 at 18; Doc. 32 at ¶ 8. The decision never reached Smith, whose envelope was returned to the VA with the notation "unclaimed." Doc. 40 at ¶ 4; Doc. 33-2 at 15. As noted below, the parties dispute whether Bridge received his envelope.

Smith filed a Notice of Appeal with the EEOC on August 4, 2009. Doc. 40 at ¶ 6. On May 6, 2011, the EEOC dismissed Smith's appeal as untimely. Doc. 32 at ¶ 11; Doc. 28-1 at 28-30. The dismissal order explains:

> A copy of the certified mail return receipt card reveals that the FAD [the VA's final agency decision] was received at the address of [Smith's] attorney of record on June 12, 2009. A review of the FAD reveals that the

> [VA] properly advised [Smith] that she had thirty (30) calendar days after receipt of its final decision to file her appeal with the [EEOC]. Therefore, in order to be considered timely, [Smith] had to file her appeal no later than July 13, 2009. See 29 C.F.R. § 1614.402(b). [Smith] has not offered a justification for an extension of the applicable time limit for filing her appeal. See 29 C.F.R. § 1614.604(c).

Doc. 28-1 at 28. The decision informed Smith that she had ninety calendar days to file suit in federal court. Smith did so on August 4, 2011.

The VA has moved for summary judgment on the ground that Smith submitted a tardy appeal to the EEOC and therefore failed to properly exhaust her administrative remedies. The VA's submission tracks the EEOC's findings that Bridge received the VA's final agency decision on June 12, 2009, making Smith's appeal to the EEOC due on July 13, 2009, a date she missed by about three weeks. To support its view that Bridge received the final agency decision on June 12, 2009, the VA points to a signed certified mail return receipt card dated "6-12" and affixed with a signature that a reasonable person could conclude was Bridge's. Doc. 28-1 at 26. Smith responds that Bridge did not sign the return receipt card—which, according to her, is signed "Tim Brde" rather than "Tim Bridge"—and that he did not receive a copy of the VA's final agency decision until May 11, 2011. Doc. 32 at ¶ 9; Doc. 33-2 at 26 (¶¶ 10-11). If Smith is right, then the thirty-day deadline for Smith to appeal the VA's decision to the EEOC did not commence on June 12, 2009, Smith's appeal was not untimely, and the EEOC erred in holding otherwise. (The court does not and cannot defer to the EEOC's holding regarding the timeliness of Smith's appeal. *See Smith*, 445 F.3d at 1011.)

The question for purposes of the VA's summary judgment motion is whether Smith has adduced a genuine issue of fact as to whether Bridge received the final agency decision on June 12, 2009. Smith submits an affidavit from Bridge averring that he "did not receive a copy of the

final agency decision … within 30 days of its issuance June 8, 2009," and that "[a]t no time prior to May 11, 2011 did I receive a copy of the [VA's final agency decision] from the VA's Office of Employment Discrimination Complaint Adjudication either by facsimile transmission, regular mail, or certified mail." Doc. 33-2 at 25 (¶ 3), 26 (¶ 11); *see also* Doc. 35 at ¶ 5. In reply, a skeptical VA submits several exemplars of Bridge's signature and argues that those signatures are "virtually identical" to the signature on the return receipt card. Doc. 40 at ¶ 5; *see also* Doc. 40-1 at 3-9.

When ruling on a motion for summary judgment, the court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 604 F.3d 490, 507 (7th Cir. 2010). In doing so, the court "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). To conclude that Bridge signed the return receipt card and received the VA's final agency decision on June 12, 2009, the court would have to (1) play handwriting expert, comparing the various signatures in the record and concluding that the signature on the return receipt card is Bridge's, and (2) disbelieve Bridge's averments that he did not receive the final agency decision in June 2009 or at any point before May 2011. It is axiomatic that the court may not do those things on summary judgment. *See Kellar v. Summit Seating Inc.*, 664 F.3d 169, 175 (7th Cir. 2011); *Kodish*, 604 F.3d at 505; *Payne*, 337 F.3d at 771-72; *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 2002).

Relying on *Beck v. Somerset Technologies, Inc.*, 882 F.2d 993 (5th Cir. 1989), the VA argues that Smith has failed to overcome the presumption of receipt created by a signed certified mail return receipt when the original piece of mail is properly addressed. In *Beck*, the key

question was whether one defendant (Crown) had received a warning letter from another defendant (Somerset) regarding a defective product. The record contained "a copy of the properly addressed letter, a certified mail receipt and signed return post cards." *Id*. at 996. Citing *Hagner v. United States*, 285 U.S. 427 (1932), the Fifth Circuit noted that "[p]roof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it … was actually received." *Beck*, 882 F.2d at 996. The court proceeded to rule on summary judgment that testimony from a Crown employee "that he did not *remember* receiving a warning letter … and that he did not *recall* that the person who signed the return receipt worked for Crown … [was] not sufficient to rebut the presumption that the letter was received." *Id*. at 996-97.

*Beck* is distinguishable. Unlike the employee in *Beck*, Bridge does more than say that he cannot remember whether or not he received the VA's final agency decision in June 2009; rather, he *affirmatively* avers that he did *not* receive the decision at that time. That is sufficient, at least on summary judgment, to overcome the presumption that the final agency decision mailed by the VA was in fact received by Bridge. *See Patel v. Holder*, 563 F.3d 565, 568 (7th Cir. 2009) (in assessing whether it had jurisdiction over an immigration appeal, noting that "actual receipt" of a mailed document "is a question of fact" that involves the "weighing of the evidence"); *Vincent v. City Colls. of Chicago*, 485 F.3d 919, 923 (7th Cir. 2007) ("the trier of fact determines whether the presumption of delivery has been overcome").

For the foregoing reasons, the VA's summary judgment motion is denied.

May 7, 2012

                                                    United States District Judge