UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHELIA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 5287 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| ERIC K. SHINSEKI, Secretary, U.S. Department of Veterans Affairs, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Shelia Smith brought this suit against her employer, the United States Department of Veterans Affairs ("VA"), alleging discrimination and retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. Doc. 1. The VA sought summary judgment early in the case on the ground that Smith had failed to exhaust her administrative remedies. Doc. 26. The court denied the motion due to a genuine and material factual dispute as to whether Smith's attorney, Timothy Bridge, had received on or about June 12, 2009 a copy of the VA's final agency decision denying her formal administrative complaint. Docs. 41-42 (reported at 2012 WL 1597432 (N.D. Ill. May 7, 2012)).

After conducting an evidentiary hearing, Doc. 54, the court issued an opinion finding that Bridge did receive a copy of the VA's final agency decision on or about June 12, 2009, and therefore that Smith had not timely sought review of that decision before the Equal Employment Opportunity Commission ("EEOC"). Docs. 55-56 (reported at 2013 WL 3466841 (N.D. Ill. July 10, 2013)). The court accordingly granted summary judgment to the VA on exhaustion grounds as to Smith's discrimination claim, and also as to her retaliation claim "to the extent that it rests on alleged retaliatory acts occurring before she filed her formal administrative complaint with

1

the VA." 2013 WL 3466841, at *10. (Smith filed her formal complaint on June 25, 2007. Doc. 66 at 19; *see also* Doc. 33-1 at 13; Doc. 33-2 at 47; Doc. 33-3 at 41.) The court added that "Smith may proceed with her retaliation claim to the extent, if any, it rests on alleged retaliatory acts occurring after she filed her formal administrative complaint with the VA." 2013 WL 3466841, at *10. That said, the court noted that Smith's "[federal court] complaint is not detailed, and the court cannot determine at this stage whether any of the alleged retaliatory acts occurred after Smith filed her formal complaint with the VA." *Ibid*.

Smith then filed an amended complaint, which alleges that her VA supervisor, Patricia Moss, retaliated against her between January 2007 and May 2007. Doc. 58. The VA has moved under Rule 12(b)(6) to dismiss on exhaustion grounds. Doc. 60. The motion is granted.

**Background**

In considering the VA's motion, the court assumes the truth of the amended complaint's factual allegations, though not its legal conclusions. *See Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012). The court must also consider "documents attached to the [amended] complaint, documents that are critical to the [amended] complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Smith's briefs opposing dismissal, so long as those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The following facts are set forth as favorably to Smith as these materials allow. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

Smith, who was employed at the Edward Hines Jr., VA Hospital, was diagnosed with breast cancer on or about January 17, 2007, and placed on medical leave from January 29, 2007 to February 16, 2007. Doc. 58 at ¶ 4. Smith was scheduled for daily chemotherapy treatment sessions at a health facility adjacent to the VA Hospital between February 2007 and July 2007.

*Id.* at ¶ 5. On February 23, 2007, Smith's treating physician informed the VA Hospital that Smith should avoid working in wards with ill patients or in areas that might increase her risk of infection. *Ibid.*

At the time Smith was to begin chemotherapy, she had been assigned to light duty work as a nursing assistant in the Sleep Lab Clinic under the supervision of Sandy Ryerson. *Id.* at ¶ 6. Ryerson advised Patricia Moss, the Associate Chief Nurse in the Long Term Spinal Cord Care and Rehabilitation Service unit, that Smith had become a "vital member" of the Sleep Lab Clinic and that her removal would negatively impact the Clinic. *Ibid.* Despite Ryerson's advice, Moss ordered that Smith be reassigned from the VA Hospital to Moss's unit in the Oak Lawn Primary Care Clinic. *Id.* at ¶ 7. Smith was also charged with absence without leave for missing work on January 26 and 27, 2007. *Id.* at ¶ 8. Although Smith requested to return to the Sleep Lab Clinic, Moss told Jesse Rosebur, a department chief, that Moss "intended to use her connections in Human Resources and the Director's office to assure that [Smith] will not get the job" in the Sleep Lab Clinic. *Id.* at ¶ 9. Moss added that "if [Smith] can work for somebody else, she can work for me." *Ibid.*

On February 28, 2007, the same day that she began her position at Oak Lawn, Smith contacted the VA's Office of Resolution Management ("ORM") alleging that she had been discriminated against when she was charged with absence without leave and reassigned to a different facility. *Id.* at ¶ 8. On March 1, 2007, Smith met with an EEO counselor to discuss her grievances. Doc. 66 at 10-15. Smith presented two issues to the EEO Counselor: (1) that "she felt she was being discriminated against based on her Disability (Physical) and Reprisal when on 2/28/07 she was charged [absence without leave] for two hours"; and (2) that "she felt she was being discriminated against based on her Disability (Physical) and Reprisal when on 2/28/07 her

3

request for reasonable accommodation [to continue working at the Sleep Lab Clinic] was denied" and she was "assigned to the Oak Lawn Clinic." *Id*. at 11-13.

Between January and May 2007, Smith used 255.25 hours of sick leave and 163.50 hours of annual leave. Doc. 58 at ¶ 10. In May 2007, Smith applied for a health technician position in the VA Hospital's respiratory division. *Id*. at ¶ 11. While her application was pending, Moss contacted the human resources department and asked that Smith not be hired for the position. *Ibid*. Even though Smith was eventually hired, Moss sought to interfere with Smith's employment by contacting Ron Dorushka, Smith's supervisor, during her probationary period and informing him that Smith had acted in a disrespectful manner and had failed to complete her orientation as a nurse's aide. *Id*. at ¶ 12. Moss also told Dorushka that he should have consulted with Moss before hiring Smith. *Ibid*.

On June 25, 2007, Smith timely filed a formal administrative complaint with the VA, claiming that she "was discriminated against based on reprisal" when Moss refused to grant her request to remain in the Sleep Lab Clinic and instead "sent her 22 miles to work" at Oak Lawn. Doc. 66 at 19. On August 15, 2007, the EEOC sent Smith a Notice of Acceptance of her complaint. *Id*. at 20-23. The EEOC's notice characterized Smith's claims as improper treatment "on the bases of disability (physical) and reprisal (prior EEO activity)." *Id*. at 20-21. On November 20, 2007, Smith sent a "Correction of Basis for Complaint" to a VA employee named Renard, stating: "Per our conversation on November 14, 2007, the basis for my complaint [200J-0578-2007101636] is Disability [Physical]. The basis of reprisal stated in the acceptance letter is incorrect and not related to this complaint." *Id*. at 25 (brackets in original).

In a brief submitted to the administrative judge on May 31, 2008, the VA proceeded on the assumption that Smith had withdrawn her retaliation claim in its entirety; the VA wrote that

4

because Smith "submitted a 'correction' to her [EEOC] complaint stating that the 'reprisal' basis contained in the acceptance letter was 'incorrect' and not related to her complaint," the case was "limited to claims of discrimination in regards to [Smith's] AWOL [absence without leave] charge and the temporary detail to Oak Lawn." Doc. 66-1 at 2, 14. Less than two weeks later, on June 11, 2008, Smith submitted a clarification stating that she while she had intended to withdraw her retaliation claim against a person named James York, she had *not* intended to withdraw her retaliation claim as to Moss. Doc. 73-1 at 2 (stating that Smith "did not advise Ms. Renard that [she] was withdrawing [her] claim of retaliation against the [VA] or Ms. Moss in the instant case"); *see* Doc. 73 at 4. Indeed, in her counseled briefs to the administrative judge, Smith pressed her claims that Moss had retaliated against her. Doc. 73-1 at 8-11; Doc. 73-2 at 10-14. Responding to the VA's statement that she had withdrawn her retaliation claim in its entirety, Smith expressly asserted that she had withdrawn her retaliation claim only as to York's conduct and not as to Moss's conduct. Doc. 73-2 at 13-14.

That message apparently did not get through to the administrative judge. On May 27, 2009, the administrative judge granted summary judgment to the VA. Doc. 66-1 at 19-25; Doc. 66-2 at 1-3. The judge considered Smith's discrimination claim on the merits and rejected it. Doc. 66-1 at 22-25. The judge did not consider Smith's retaliation claim on the merits, reasoning that Smith had "amended her complaint and withdrew the basis of reprisal." *Id*. at 19.

On June 8, 2009, the VA timely issued its final agency decision, which adopted the administrative judge's decision. Doc. 28-1 at 13-16. The final agency decision states that "[w]ithin 30 days of receipt of this final action, the complainant has the right to appeal it to: Equal Employment Opportunity Commission, Office of Federal Operations," and that "[t]he complainant also has the right to file a civil action in an appropriate United States District Court

… within 90 days of receipt of this final action if no appeal to EEOC has been filed." Doc. 28-1 at 14-15. Copies of the VA's final decision were sent via certified mail to both Smith and her lawyer, Timothy Bridge. *Id*. at 18. Although Smith did not personally receive her copy of the final decision, the court found after an evidentiary hearing that Bridge did receive the decision on or about June 12, 2009. 2013 WL 3466841 at *9.

Smith filed a Notice of Appeal with the EEOC on August 4, 2009. Doc. 32 at ¶ 10. Smith's appeal brief to the EEOC argued that she suffered retaliation at Moss's hands. Doc. 33-3 at 3-4. Smith's brief also argued that the administrative judge erred in assuming that Smith had withdrawn her retaliation claim in its entirety: "In fact, [Smith] withdrew her claim of retaliation solely as it relates to an earlier EEO complaint filed against James York …. The 'correction for basis of claim' … was intended as a withdrawal of her retaliation claim against York and was not intended to constitute a waiver of [Smith's] claim of reprisal against Ms. Moss and the Agency in the instant case." *Id*. at 8. Smith's brief added that the retaliation claim had been fully addressed during the agency's investigation: "[T]here is no question that the investigatory record in this case included the issue of retaliation and all deponents (including Moss, Greider and Rosebur) were fully questioned concerning this issue at their respective depositions. As such, [Smith's] claim of retaliation is properly before the EEOC for adjudication on the merits. Once again, however, the Administrative Judge simply ignored this issue and sidestepped all evidence of retaliation without reason or excuse." *Ibid*.

On May 6, 2011, the EEOC dismissed the appeal as untimely, explaining that "in order to be considered timely, [Smith] had to file her appeal no later than July 13, 2009," thirty days after Bridge received the final agency decision. Doc. 28-1 at 28. The EEOC's dismissal order

informed Smith that she had ninety calendar days to file suit in federal court. *Id*. at 29. Smith then timely filed this suit in federal court on August 4, 2011. Doc. 1.

## Discussion

The pertinent legal principles are set forth in the court's summary judgment opinion, familiarity with which is assumed. 2013 WL 3466841, at *1-2, 9-10. Significant here, and citing *McKenzie v. Illinois Department of Transportation*, 92 F.3d 473, 483 (7th Cir. 1996), the court held that settled exhaustion principles entitle the VA to judgment on Smith's retaliation claim "to the extent it rests on alleged retaliatory acts occurring before she filed her formal administrative complaint with the VA." 2013 WL 3466841 at *10. Smith filed her formal administrative complaint with the VA on June 25, 2007. The retaliatory acts alleged in the amended complaint took place between January 2007 and May 2007. It follows that those claims should be dismissed. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009); *Smith v. Potter*, 445 F.3d 1000, 1006 n.14 (7th Cir. 2006); *McKenzie*, 92 F.3d at 482-83.

In urging the contrary result, Smith contends that the retaliation claim survives because "post-filing retaliation in federal sector cases is measured from and after the plaintiff's contact with the EEO counselor (i.e., February 28, 2007), rather than the subsequent date of filing the formal complaint (June 25, 2007)." Doc. 66 at 4. Put another way, Smith contends that in the context of federal employees, the cut-off date established by *McKenzie*—the line between retaliation claims that must be exhausted and those that need not be exhausted—should be the date the employee seeks EEO counseling, not the date the employee files a formal administrative complaint. The court asked the parties to address whether Smith's view had any support from case law, Doc. 68, and Smith filed a brief on the matter, Doc. 69. The cases cited by Smith stand only for the proposition that a federal employee seeking EEO counseling is engaged in a

7

protected activity for purposes of a retaliation claim, not that a federal employee who complains about retaliation to an EEO counselor need not exhaust that claim by timely appealing an adverse final agency decision to the EEOC.

Smith's true beef is that the administrative judge, and the final agency decision adopting the administrative judge's decision, wrongly assumed that she had withdrawn the retaliation claim as to Moss and therefore wrongly failed to adjudicate that claim on the merits. Doc. 73 at 5 (arguing that "the Administrative Judge failed entirely to address [Smith's retaliation claim against Moss] in his summary judgment decision" and "should have either fully adjudicated these claims on their merits or remanded them to ORM for further investigation"). In this limited respect, Smith may be right. However, to preserve that claim of error, Smith was required to timely appeal the administrative judge's decision to the EEOC, which she failed to do. Smith contends in this court that such an appeal would have been futile, *id*. at 5-6, but there is no plausible basis for that argument. To the contrary, as described above, Smith's appeal brief to the EEOC expressly challenged the administrative judge's erroneous assumption that the retaliation claim had been withdrawn in its entirety. Smith gives no reason to believe that the EEOC would not have duly considered that argument had she timely appealed—that is, had her appeal not been dismissed as untimely.

The dismissal of the amended complaint, like the dismissal of the original complaint's claims, is without prejudice. The Seventh Circuit has explained that "the proper remedy for a failure to exhaust administrative remedies is to dismiss the suit without prejudice, thereby leaving the plaintiff free to refile his suit when and if he exhausts all of his administrative remedies or drops the unexhausted claims." *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989); *see also Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004); *Walker v. Thompson*, 288 F.3d

1005, 1009 (7th Cir. 2002); *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 410 n.11 (7th Cir. 1989). This principle applies to dismissals for failure to exhaust employment discrimination claims before an administrative agency; such dismissals are without prejudice to the plaintiff bringing her claim to federal court upon properly exhausting the unexhausted claims, subject of course to any applicable defenses. *See Teal*, 559 F.3d at 693; *Hill v. Potter*, 352 F.3d 1142, 1145-46 (7th Cir. 2003). It is extremely unlikely, however, that Smith could properly exhaust her claim, as the EEOC has already dismissed her appeal as untimely. Doc. 28-1 at 28.

**Conclusion**

For the foregoing reasons, the VA's motion to dismiss is granted. The amended complaint is dismissed. The dismissal of all Smith's claims, discrimination as well as retaliation, is without prejudice. Smith will not be given a chance to replead for two independent reasons. First, Smith did not request a chance to replead. *See James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 400-01 (7th Cir. 2006) (rejecting the plaintiff's argument that the district court erred in dismissing its complaint with prejudice, rather than without prejudice and with leave to amend, where the plaintiff did not request leave to amend). Second, any repleading would be futile, as a further amendment could not possibly overcome the barrier (failure to properly exhaust) that has resulted in the present dismissal. *See Tribble v. Evangelides*, 670 F.3d 753, 761 (7th Cir. 2012) ("District courts have broad discretion to deny leave to amend … where the amendment would be futile.").

May 9, 2014

_____
United States District Judge